Filed 4/5/23  P. v. Melgarejo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS MELGAREJO, JR.,<br><br>Defendant and Appellant. | F084922<br><br>(Super. Ct. No. F20905125)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County. Jeffrey Y. Hamilton, Jr., Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

Appointed counsel for defendant Jesus Melgarejo, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On June 2, 2020, Fresno police officers responded to a domestic disturbance involving defendant, who was on supervised release with an ankle monitor. Defendant and the victim left the scene before the officers arrived, but the officers spoke to defendant's sister. A few hours later, Fresno Police Officer Nathan Carr observed defendant driving a vehicle with the victim as a passenger. Carr, who was in uniform and driving a marked patrol vehicle, pursued the vehicle because defendant was wanted on felony charges. Carr activated his flashing lights and siren and was within 50 yards of defendant, but he refused to stop. He ran stop signs and drove about 40 miles per hour in a 25-mile-per-hour zone, weaving in and out of traffic. Carr terminated his pursuit because defendant was driving recklessly. Meanwhile, a police helicopter maintained visual contact with defendant's vehicle. Carr arrested defendant when he stopped at his grandmother's house, where his fellow gang members, whom he had summoned, were waiting outside.[1]

On March 16, 2022, the Fresno County District Attorney filed an information charging defendant with evading an officer with willful disregard (Pen. Code, § 2800.2, subd. (a); count 1). The information further alleged defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

---

[1]     These facts are taken from the preliminary hearing and probation report.

On May 10, 2022, defendant pled no contest to count 1 in return for dismissal of the prior strike allegation and imposition of a two-year sentence to be served concurrently to the term in another case. The trial court granted the prosecutor's motion to dismiss the prior strike allegation.

On July 15, 2022, the trial court determined that a concurrent sentence would not be possible and, instead, imposed a 384-day sentence with credit for time served, with the consent of the parties.

On September 9, 2022, defendant filed a notice of appeal.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.